Filed 11/21/13  P. v. Kumar CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RAJNEEL R. KUMAR,<br><br>        Defendant and Appellant. | A137395<br><br>(Solano County<br>Super. Ct. No. FCR279541) |

Defendant Rajneel R. Kumar appeals a conviction for three felony counts of grand theft.  The record shows the jury was improperly instructed on the amount required for grand theft. Therefore, we reverse.

### I.  Background

On September 23, 2010, around 5:00 a.m., Kumar was arrested in a residential neighborhood under suspicion of receiving stolen property after Dixon police found him standing next to his automobile with hand tools and catalytic converters on his back seat. He went to trial by jury on charges, inter alia, of grand theft of personal property valued in excess of $400 for removing catalytic converters from three Toyota trucks.  (Pen. Code § 487, subd. (a).)[1]  Dixon police officers testified that they searched Kumar's automobile and discovered numerous sets of automobile keys, various hand tools, and miscellaneous automobile parts, including multiple catalytic converters.  Kumar's hands were dirty with grease when he was handcuffed and a search of his clothing revealed a socket wrench in

---

[1] All future statutory references are to the Penal Code unless otherwise designated.

1

his pocket. Police identified that three of the catalytic converters had been taken from 1994 or 1995 Toyota pickup trucks parked within miles from where he was arrested. The trucks' owners each testified the catalytic converters had been removed without permission in the hours immediately preceding Kumar's arrest. Photographs of the used catalytic converters were admitted into evidence.

To establish the value of the stolen property, the prosecution called David Woolsey, the assistant manager of a local automobile parts store with 20 years of sales experience, to testify about the function and prices of catalytic converters. The jury was instructed to evaluate Woolsey's testimony as they would an expert witness. Woolsey described how catalytic converters were made from precious metals and installed on automobiles as an exhaust system component to reduce toxic emissions. He stated it was possible for a used catalytic converter to be taken off one automobile and installed on a different automobile. He provided purchase price ranges for new catalytic converters for 1994 and 1995 Toyota trucks based on a local dealer's quote and vendors' sales websites. The range for new units manufactured by Toyota was $885 to $1,102 and the range for new "after market" units manufactured by other part companies was $419 to $690.

Woolsey testified he dealt only with new automobile parts and he could not provide a price range for used catalytic converters. If a used catalytic converter was taken off a truck and brought into his store, Woolsey stated that it would have no value to him. But, he clarified, the used catalytic converter would have "value to a scrap yard or somebody who needed one."

After the jury was instructed from a version of CALCRIM No. 1801 that set forth "[t]he defendant committed grand theft if he stole property worth more than $400," it found Kumar guilty of three counts of grand theft.[2] Kumar moved for a new trial, claiming the jury improperly considered the cost of replacing and installing the stolen catalytic converters when it determined the value exceeded $400. The court denied the

---

[2] Kumar was also convicted of one misdemeanor count of possession of controlled substance paraphernalia (Health & Saf. Code, § 11364).

2

motion and sentenced Kumar to concurrent two-year prison terms for each count of theft. This appeal timely followed.

## II. Discussion

On appeal, Kumar claims the jury was improperly instructed on the value of property required for a conviction for grand theft. He also claims the jury did not have sufficient evidence to find the fair market value of the stolen property exceeded the threshold value.

Kumar argues the jury was improperly instructed that it could convict him of grand theft for taking property in excess of $400 in value. He is correct, and the Attorney General agrees. A 2010 amendment[3] to section 487 raised the required value for grand theft from $400 to $950. In *People v. Wade* (2012) 204 Cal.App.4th 1142, 1152 (*Wade*), Division Five of this court held that the 2010 amendment to section 487 increasing the threshold for grand theft applies retroactively to cases that were not final until after the amendment's effective date of January 1, 2011. Kumar was tried in October 2012. Therefore, to find him guilty of three counts of grand theft beyond a reasonable doubt, it was necessary for the jury to find the fair market value of each of the stolen items alleged in each count exceeded $950. The jury did not do so, and the conviction must be reversed.

In light of our reversal for instructional error, we will not reach the question of whether there was sufficient evidence to support a conviction for grand theft under the revised threshold for that offense. The jury heard evidence that *new* catalytic converters ranged in price from $419 for a new after market converter to $1,102 for a new Toyota part. Kumar is correct that there was no evidence presented on the value of used converters, or that the stolen converters were worth more than $950. But under the instructions delivered to the jury, the prosecution did not have the burden to prove each of the stolen converters was worth more than $950. Because this factual question was not

---

[3]The pertinent language reads "[g]rand theft is theft committed . . . (a) When the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950) . . . ." (Stats. 2010, ch. 693, § 1.)

3

presented for the jury's consideration, and the prosecution did not bear the burden of proving it under the instructions or the counts alleged in the information, we will afford the People the option of retrying Kumar for grand theft should they so choose.

### III. Disposition

The judgments on counts one, two, and three are reversed. The People shall have 60 days from issuance of the remittitur to determine whether to retry Kumar for grand theft (§ 487). If the People fail to re-file charges of grand theft within 60 days of issuance of the remittitur, the judgment shall be modified to reflect Kumar's conviction of three counts of petty theft (§ 488) and he shall be resentenced accordingly. As so modified, the judgment is affirmed. Following resentencing, the trial court is directed to send an amended abstract of judgment to the California Department of Corrections and Rehabilitation.

_____
Siggins, J.

We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.

4